# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

**Erick Urias-Urias,**

        **Petitioner,**

        vs.                                                                       06-3071

**Wayne Youell, Sheriff,**

        **Respondent.**

## Order of Dismissal

The plaintiff has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, challenging his placement on lockdown at Mason County Jail. He says he has been on lockdown since March 30, 2006, with no procedural due process, no incident report, no explanation, no disciplinary hearing, and no grievance procedure for challenging his lockdown status. He asks for the Court to order that he be taken off lock down and that the Jail be ordered to establish procedures for grievances and for affording prisoners due process.

The plaintiff's claim does not fit under a habeas action. "If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, we have held that [he] must use a § 1983 or *Bivens* theory." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). In general, habeas actions challenge the "fact of confinement," meaning that the petitioner is seeking earlier release from prison, or release from prison immediately. *See Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000), *citing Preiser v. Rodriguez*, 411 U.S. 475 (1973). Lockdown is not about the length of imprisonment, but about the conditions suffered during that imprisonment.

The plaintiff's claim therefore fits under 42 U.S.C. § 1983.[1] Simplified, 42 U.S.C. § 1983 applies to claims against individuals "acting under color of state law" (in this case, presumably the Jail employees) who violate a person's rights under federal law (in this case, the U.S. Constitution).

---

[1] Though he is a federal prisoner, his claim would appear to be against Jail employees acting under color of state law, which falls under 42 U.S.C. Section 1983. "*Bivens*" actions are generally against federal employees. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

However, just because the plaintiff's claim fits under § 1983 does not mean he has a claim that can actually proceed under that section. Properly labeling the claim is only the first step. Fitting the claim into the right box determines which procedures and laws apply. Even a properly labeled claim may well require dismissal upon application of those laws and procedures.

An action under § 1983 is very different from an action under a habeas corpus statute. Civil actions by prisoners are subject to special procedures and consequences under the Prison Litigation Reform Act. For example, inmates must eventually pay the filing fee in full ($350), even when granted leave to proceed *in forma pauperis*. 28 U.S.C. §1915(b). Payments are deducted monthly from the inmate's prison account until the fee is paid, even if the case is dismissed. Additionally, inmates must exhaust their available administrative remedies before filing their claim in court. 42 U.S.C. § 1997e(a). In the context of this case, that means using any grievance procedures available at the Jail (if any are).

Additionally, the court is required to screen complaints by inmates and dismiss the case if the complaint fails to state a claim for violation of a federal law. 28 U.S.C. § 1915A. If the Complaint is dismissed for failure to state a claim, the inmate is given a "strike." After three strikes, the inmate can no longer proceed *in forma pauperis* and must instead pay the filing fee in full at the time he files his complaint. 28 U.S.C. § 1915(g). To avoid strikes, inmates should therefore carefully evaluate whether their allegations state a claim under federal law before filing in federal court.

Without deciding whether the allegations here state a claim under § 1983, the Court notes that an inmate's rights under the Constitution are limited. In general, inmates have no due process rights before being placed in segregation, unless that segregation constitutes an "atypical and significant hardship in relation to the ordinary incidents of prison life."[2] *Sandin v. Conner*, 515 U.S. 472 (1995); *Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir. 1997). Lockdown alone likely does not allow an inference of an "atypical and significant hardship" within the meaning of Constitutional law because, as a general rule, inmates have no constitutional right to remain in the general population. *Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997)(prisoner has no liberty interest in remaining in general population or avoiding transfer to another prison). The Eighth Amendment to the Constitution prohibits "cruel and unusual punishment," but segregation alone is generally not considered cruel and unusual punishment. Additionally,

---

[2] If the plaintiff was a pretrial detainee, he might have procedural due process rights before placement in lockdown. "A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less. But no process is required if he is placed in segregation not as punishment but for managerial reasons" such as lack of space, suicide risk, protection from other inmates or to protect jail staff from the pretrial detainee. *Higgs v. Carver*, 286 F.3d 437 (7th Cir. 2002)(citations omitted).

actions under § 1983 must generally be brought against the individuals personally responsible for the constitutional violation, in their individual capacities (absent allegations of an official unconstitutional policy).  *See Sanville v. McCaughtry*, 266 F.3d 724, 739 (7th Cir. 2001).  The sheriff cannot be held liable under § 1983 for the Constitutional violations of his employees solely because he is their boss.  *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

Given these complexities and consequences, the court will not convert this habeas action into one under 42 U.S.C. § 1983.  Instead, the court will dismiss this petition without prejudice, as incorrectly filed under 28 U.S.C. § 2241.  The Court is not making a decision on the merits of the case.  Dismissal without prejudice means that the plaintiff may immediately refile the claim under 42 U.S.C. § 1983 if he wishes.  He should carefully consider the wisdom of doing so, in light of the discussion above.

IT IS THEREFORE ORDERED that this case is dismissed, without prejudice, as incorrectly brought under 28 U.S.C. § 2241.  All pending motions are denied as moot, and this case is terminated.  No filing fee is assessed under 28 U.S.C. § 1915.

Entered this 26th Day of April, 2006.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE